FIRST NATIONAL BANK IN DALLAS ET AL. V. ALLEN B. HANNAY, DISTRICT JUDGE, ET AL.

Motion No. 11,045.   Decided December 30, 1933.
Motion for rehearing overruled April 18, 1934.
(67 S. W., 2d Series, 215.)

*Coke & Coke, Thos. G. Murnane* and *Scott Hughes,* all of Dallas, for relators.

On proposition that mandamus should issue: Craig v. Pittman, 250 S. W., 671; Atlantic Oil Co. v. Jackson, 116 Texas, 570, 296 S. W., 283; Watson Co. v. Cobb Grain Co., 292 S. W., 177.

*E. E. Townes, John C. Townes, G. P. Daugherty, W. J. Barnes,* all of Houston, and *Ben H. Powell,* of Austin, for respondent Humble Oil and Refining Company.

The doctrine of *res adjudicata* can never apply in the absence of a decision upon the issues involved, and the elements upon which the doctrine of *res adjudicata* is based do not exist in this case. C. J., vol. 34, sec. 1179; Scherff v. Missouri Pac. Ry. Co., 81 Texas, 471; Lunda v. Bogel, 62 S. W. (2d) 579; Hewitt v. DeLeon, 5 S. W. (2d) 237; Miller v. Van-Tex Royalty Co., 57 S. W. (2d) 596; Southern Natl. Co. v. Beck & Bridges, 55 S. W. (2d) 215.

PER CURIAM.—Respondent, Humble Oil and Refining Company, sued relators in a District Court of Harris County. Relators filed pleas of privilege to be sued in Dallas County. Controverting affidavits were filed and a hearing had on the issues thus made, the court taking the matter under advisement. Thereafter the Humble Company filed an amended controverting affidavit, and when the parties appeared for a hearing on that affidavit and before the court announced his decision or what his decision would be on the question of venue, the Humble Company stated in open court that it would take a nonsuit. Whereupon, over the objection of relators, the court entered an order of dismissal. A few days after the entry of such order the Humble Company again filed suit against relators in another District Court of Harris County on the same cause of action.

Relators present a motion for leave to file petitions praying for the issuance of a writ of mandamus directing the district judge to set aside the order of dismissal entered in the first suit and to proceed to judgment in accordance with the issues as made by the pleadings and evidence, contending that after issue is joined by the filing of a plea of privilege and a controverting affidavit it does not lie within the power of the plaintiff to defeat that issue by moving a nonsuit.

■■ The motion is overruled, on the authority of Atlantic Oil Producing Co. v. W. T. Jackson, District Judge, et al., 116 Texas, 570, 296 S. W., 283, and H. H. Watson Co. v. Cobb Grain Co. (Com. App.), 292 S. W., 174. The right conferred on the plaintiff by Article 2182 of the Revised Statutes to take a voluntary nonsuit in a case tried without a jury "at any time before the decision is announced" was not lost by the filing of the plea of privilege; the filing of the controverting affidavit and the hearing of evidence on the issue. The rule announced by the case second above cited will protect defendants from the

harassment and expense of several contests on the issue of venue, for judgment of dismissal upon voluntary nonsuit by the plaintiff, after the filing of a plea of privilege and a controverting affidavit and before the court has announced his decision on the question of venue, is *res adjudicata* as to the venue of a subsequent suit on the same cause of action. A plaintiff, who, after filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken.