**PRICE et al. v. LOVEJOY.**

No. 13261.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 8, 1935.

Nat Gentry, Jr., of Tyler, and Phillips, Trammell, Chizum, Estes & Edwards and Clayton L. Orn, all of Fort Worth, for appellants.

E. B. Hendricks and Frank R. Graves, both of Fort Worth, and T. Y. Collins, of Brownsville, for appellee.

DUNKLIN, Chief Justice.

John L. Lovejoy instituted this suit in the district court of Tarrant county against Earl Price, sheriff of Smith county, and Doyle Yancy, his deputy, and the Standard Accident Insurance Company, having an agent in Tarrant county, as surety on their official bonds, and the Cities Service Oil Company, having an agent in Tarrant county, to recover damages for alleged illegal arrest and imprisonment committed in Smith county, where the sheriff and his deputy resided.

The sheriff and his deputy pleaded their privilege to be sued in the county of their residence, and they have prosecuted this appeal from an order overruling that plea.

The plea of privilege was in statutory form, and in reply thereto plaintiff filed a controverting affidavit alleging that one Marshall Young, the agent in charge of the service station of the defendant Cities Service Oil Company in Tyler, falsely and maliciously charged plaintiff with stealing an oil can belonging to that company, and upon that charge caused defendant Doyle Yancy to arrest plaintiff and imprison him in the county jail of Smith county for a period of seventeen days. It was alleged that the wrong so done him was the joint act of defendants Earl Price, Doyle Yancy, and Marshall Young, as the authorized agent of the Cities Service Oil Company, for which those defendants and

the Standard Accident Insurance Company, as surety for the sheriff and his deputy, are all jointly liable. And since the Cities Service Oil Company had its legal residence in Tarrant county, it was alleged that venue was properly laid in that county by virtue of the provisions of subdivisions 4 and 29a of article 1995, Rev.Civ.Statutes (Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a).

In addition to his plea of privilege and in reply to plaintiff's controverting affidavit, the defendant Earl Price alleged that theretofore plaintiff had instituted another suit in the district court of Tarrant county in cause No. 8786—A against him and the Standard Accident Insurance Company, as surety on his official bond, and the Cities Service Oil Company on the same cause of action, in which he filed a plea of privilege to be sued in Smith county, where he resided, and to which plea plaintiff had filed a controverting affidavit, in substance the same as in this suit, and that thereafter plaintiff had voluntarily dismissed that suit. He alleged that such action constituted res adjudicata and waiver of plaintiff's right to overcome the plea of privilege in this suit.

■ In order to maintain venue in Tarrant county under the statutory provisions cited, by reason of the joint liability of all the defendants, and residence of one, to wit, the Cities Service Oil Company, in that county, it was incumbent upon plaintiff to introduce evidence sufficient to show, prima facie, a meritorious cause of action against the resident defendant. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Farmers Seed & Gin Co. v. Brooks (Tex.Com.App.) 81 S.W.(2d) 675; Cities Service Oil Co. v. First National Bank of Granbury (Tex.Civ.App.) 48 S.W.(2d) 348; Caprito v. Weaver (Tex. Civ. App.) 77 S.W.(2d) 595; and many other decisions which might be cited to the same effect.

■ The testimony introduced showed that Marshall Young was in charge of the Cities Service Oil Company's filling station; that he complained to Doyle Yancy, deputy sheriff, that some one had stolen an oil can belonging to that company and pointed out plaintiff as the guilty party, but made no request that plaintiff be arrested. Doyle Yancy then arrested plaintiff and placed him in jail, where he was confined for some 17 days. But the testimony was insufficient to support the allegation that such action on the part of Marshall Young was within the scope of his duties as the agent of the Oil Company, for which that company would be jointly liable with the sheriff and his deputy for the damages sought. The facts in evidence on that point cannot be reasonably distinguished in legal effect from those involved in other such suits, such as Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Meyer v. Monnig Dry Goods Co. (Tex.Civ. App.) 189 S.W. 80 (writ of error refused); El Paso Electric R. Co. v. Crews (Tex.Civ.App.) 277 S.W. 732; Maytag Southwestern Co. v. Wightman (Tex.Civ. App.) 81 S.W.(2d) 713; Genovese v. Butt (Tex.Com.App.) 48 S.W.(2d) 587; Mrs. Baird's Bakery v. Davis (Tex.Civ.App.) 54 S.W.(2d) 1031; Claer v. Oliver (Tex. Civ.App.) 62 S.W.(2d) 354; 25 C.J. p. 500, § 73.

■ Furthermore, the allegations in support of the plea of res adjudicata, filed by appellants, were fully supported by the evidence, and for that additional reason the plea of privilege should have been sustained. First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.(2d) 215; Humble Oil & Refining Co. v. Pettaway (Tex.Civ.App.) 76 S.W.(2d) 1069; Dallas Joint-Stock Land Bank v. Webb (Tex.Civ. App.) 48 S.W.(2d) 434; H. H. Watson Co. v. Cobb Grain Co. (Tex.Com.App.) 292 S.W. 174; Old v. Clark (Tex.Civ. App.) 271 S.W. 183.

This is a companion case to Clifton v. Earl Price, 88 S.W.(2d) 783, this day decided by this court, and the conclusions announced in opinion by Justice Brown in that case on the points discussed above are hereby adopted as applicable in this case also.

Accordingly, the order of the trial court overruling the plea of privilege filed by appellants is reversed, and judgment is here rendered sustaining the plea. This judgment will be certified to the trial court, with instructions to the clerk of that court to make up a transcript of all the orders made in this suit, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the district court of Smith county, Tex., to which court the case is hereby transferred.