## CLIFTON v. PRICE et al.

No. 13258.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 8, 1935.

See, also, Price v. Lovejoy (Tex.Civ. App.) 88 S.W.(2d) 785.

E. B. Hendricks and Frank R. Graves, both of Fort Worth, and T. Y. Collins, of Brownsville, for appellant.

Nat Gentry, Jr., of Tyler, and Phillips, Trammell, Chizum, Estes & Edwards and Clayton L. Orn, all of Fort Worth, for appellees.

BROWN, Justice.

On August 13, 1934, appellant, Al W. Clifton, filed suit in the Ninety-Sixth district court of Tarrant county, Tex., against Earl Price, sheriff of Smith county, Cities Service Oil Company, a private corporation, and Standard Accident Insurance Company, also a private corporation. The insurance company is the surety on the sheriff's official bond. The suit was for damages as against all of said defendants; the allegations being, in substance, that Marshall Young, an employee of defendant Cities Service Oil Company, in the city of Tyler, in Smith county, as agent for such oil company, acting jointly and severally with the said sheriff—both parties acting by and through duly authorized agents—without warrant, right, or authority, arrested the plaintiff. The deputy sheriff, so charged, being Doyle Yancy. That plaintiff was wrongfully accused by the defendants of stealing an oil can, etc.

Price filed his plea of privilege to be sued in the county of his residence. The plea was controverted, and a hearing was had on the issues tendered, but before the trial court announced its judgment, the plaintiff Clifton asked leave to take a nonsuit, and leave being granted, on October 2, 1934, the said district court dismissed plaintiff's suit at his costs.

On October 13, 1934, Clifton refiled his suit in the Sixty-Seventh district court of Tarrant county, in which he made Earl Price, said sheriff, Doyle Yancy, deputy sheriff, Cities Service Oil Company, and Standard Accident Insurance Company, surety on the said sheriff's bond, parties defendant, and attempts to recover on the same cause of action set up in his first suit.

Price, sheriff as aforesaid, again filed his plea of privilege, and also a plea of res adjudicata, based upon the record in the former suit. Doyle Yancy filed a plea of privilege, and a plea of res adjudicata.

Cities Service Oil Company and Standard Accident Insurance Company filed general demurrers and general denials.

Clifton filed a controverting plea to the pleas filed by Price and Yancy. Issue was joined, evidence heard, and the trial court overruled the plea of res adjudicata filed by Price, but sustained the pleas of privilege urged by Price and Yancy, and ordered the suit transferred to Smith county, where said defendants reside. From this order, Clifton has appealed.

■ Price's plea of res adjudicata is well taken and should have been sustained. First Nat. Bank in Dallas et al. v. Hannay, 123 Tex. 203, 67 S.W.(2d) 215.

■ Price's plea of privilege was, for the reason given, properly sustained by the trial court.

The plaintiff below has sought to maintain venue in Tarrant county under subdivision 4 of article 1995, R.C.S.

To hold the suit in Tarrant county as against the pleas of privilege urged by Price, sheriff, and Yancy, his deputy, it is clear that a prima facie cause of action must be shown against the resident defendant, and that the nonresident defendants are jointly and severally liable on the asserted cause of action.

We are of the opinion that no prima facie case against Cities Service Oil Company is shown by the evidence.

In the first place, all that took place, of which appellant complains, occurred after the filling station, on which the name of appellee oil company appeared, had been closed for the day, and no evidence adduced to show that the alleged agent was then in furtherance of his master's business. If testimony, that the name of appellee oil company was on the filling station, were sufficient to establish its ownership thereof—all of which we do not hold —then proof that Young, who waited on appellee, and whose conduct is complained of by appellee, was an employee of the oil company and was acting within the scope of his employment, or authority,

must be shown, or that his principal (a private corporation) with full knowledge of the facts ratified the acts of its employee.

The evidence does not show that Young was an employee of the oil company. Young's name was never called, on the trial, by appellee, or by his witness Lovejoy; neither was he identified, in the courtroom, by either of such witnesses, nor was his identity attempted to be established. No evidence was introduced tending to establish the fact that Young was acting within the scope of his employment, or authority, and none that the oil company, with knowledge of all the facts, ratified his acts.

Appellant has made out no prima facie case against the resident defendant.

The judgment of the trial court is affirmed.