ELMA V. TEMPELMEYER ET AL V. D. E. BLACKBURN.

No. 8158. Decided November 24, 1943.
(175 S. W., 2d Series, 222.)

*Eades & Eades,* of Dallas, for appellants.

*Golden, Crowley & Howell,* of Dallas, for appellee.

MR. JUDGE HICKMAN, of the Commission of Appeals delivered the opinion for the Court.

This case is before us on certificate from the Court of Civil Appeals at Dallas, from which we quote as follows:

"An original submission, the judgment of the trial court, sustaining the plea of privilege and of res adjudicate urged by appellee, Blackburn, was affirmed in a majority opinion written by Associate Justice Young; Associate Justice Looney filed a dissenting opinion. Motion for rehearing by the appellants is now pending.

"* * *

"Appellee, a resident of Victoria County, was one of the sureties on the bond of F. H. Tempelmeyer, permanent guardian of the appellants, the guardianship proceedings were pending in the Probate Court of Grayson County; F. H. Tempelmeyer, having died in 1943, was succeeded by Melvin E. Tempelmeyer, In October, 1941, upon petition of appellants, an accounting by the Probate Court of Grayson County was had and an order made relative to the liability of these guardians, and the suit on its merits was for the recovery of the amounts so established against Melvin E. Tempelmeyer and his sureties, the Trinity Universal Insurance Company and J. V. Conaster, also against appellee, Blackburn, T. B. Ireland, and J. A. Dowling, sureties on the bond of F. H. Tempelmeyer, guardian, deceased.

"Suit on these bonds was originally filed by appellants in the District Court of Dallas County; all other parties other than the corporate surety resided in Grayson County, except D. E. Blackburn, who resided in Victoria County. In due time, Blackburn filed a plea of privilege to be sued in the county of his residence; similarly, Melvon E. Tempelmeyer, guardian, also

the other sureties, filed pleas of privilege to be sued in Grayson, the county of their residence. Controverting affidavits were filed by appellants and trial was had, but before the court announced his decision, appellants took a non-suit as to appellee, Blackburn, and judgment was accordingly entered, dismissing him from the Dallas County suit. Venue of the case as to other defendants was changed and the cause transferred to the District Court of Grayson County.

"After the case reached the docket of the Grayson County District Court, appellants filed a first amended original petition, alleged the same cause of action as originally, and again impleaded appellee, D. E. Blackburn. After being served, he promptly filed a plea of privilege and of res adjudicata, claiming that, by reason of the prior proceedings had in the District Court of Dallas County, venue as to him of the suit filed in Grayson County, between same parties, involving same subject-matter, was fixed in the court of proper jurisdiction of Victoria County. The court sustained these pleas and transferred the case, as to appellee, to the District Court of Victoria County. From this judgment, appellants appealed, with the result as heretofore stated.

## QUESTION

"In view of the status of the case, we think a proper disposition of the question of venue involved depends upon the Supreme Court's answer to the following question:

" 'Did the action of appellants in taking a non-suit as to appellee, Blackburn, and dismissing him from the suit pending in the District Court of Dallas County, after the filing of his plea of privilege and the controverting affidavit by appellants but before the court announced its decision on the question of venue involved, have the effect of adjudicating in favor of appellee the question of venue of the suit subsequently filed by appellants against him in the District Court of Grayson County, and of fixing venue thereon in the District Court of Victoria County, in other words, was the result res adjudicata as to venue of the suit subsequently filed in the District Court of Grayson County?' "

In First National Bank in Dallas v. Hannay, 123 Texas 203, 67 S. W. (2d) 215, it was held that: "A plaintiff, who, after

filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken." The status of the decisions by this court on this question was thus expressed in Royal Petroleum Corporation v. McCallum, 134 Texas 543, 135 S. W. (2d) 958, 967:

"It appears to be definitely settled by our decisions that the action of plaintiff in the Dallas county suit in dismissing Royal Petroleum Corporation from that suit, after its plea of privilege had been filed, even in the absence of a controverting affidavit, is to be taken as an admission that said plea was good, and had the effect of *fixing the venue* of any subsequent suit between the parties, involving the same subject matter, in the county where the plea of privilege alleged it rightfully to be. H. H. Watson Co. v. Cobb Grain Co., Tex. Com. App., 292 S. W. 174; First National Bank in Dallas v. Allan B. Hannay, District Judge et al, 123 Texas 203, 67 S. W. (2d) 215." (Italics ours).

It is the position of appellants that the taking of a nonsuit in Dallas county as to appellee had the effect merely of barring them from further litigating the venue question in that county, and did not have the effect of fixing the venue of the case. They point out that in each of the cases above cited the subsequent suit was filed in the same county as that in which the nonsuit was taken and submit that the rule above quoted should be limited to such cases and not be construed as being applicable in a case, like the instant one, in which the subsequent suit is brought in a different county. We are not in accord with that position.

■ A statutory plea of privilege is more than a pleading. It is prima facie proof of the defendant's right to have the venue changed from the county in which the suit was filed to the county named in the plea. Art. 2007, Vernon's Texas Statutes, Rule 86, Rules of Civil Procedure. When the appellants took a nonsuit as against appellee they thereby abandoned their contest of his plea of privilege and made the admission in court that it was well taken. That was an admission not only that venue was improperly laid in Dallas county, but that the appellee had the right to have the venue changed to Victoria county. The question put in issue by a plea of privilege is the right of the defendant filing same to have the venue changed to a designated county, and not merely the question of whether venue was properly laid in the county in which suit was filed. Should a plea

merely challenge the venue without naming the county to which the case should be transferred it would present nothing for adjudication, and should an order sustaining such plea fail to direct that the case be transferred to a named county it would be lacking in finality.

2   The rule must be held to apply in this case in like manner as if a second suit had been filed against appellee in Dallas county, the forum of the original suit. In harmony with this conclusion are these cases from various courts of civil appeals: Carter v. Calhoun, 6 S. W. (2d) 191; Humble Oil Co. v. Pettaway, 76 S. W. (2d) 1069; Coke v. Pottorff, 140 S. W. (2d) 586.

The question certified is answered in the affirmative.

Opinion adopted by the Supreme Court November 24, 1943.