### AYERS v. PUTMAN et al.

### No. 4343.

Court of Civil Appeals of Texas.

Jan. 31, 1946.

Rehearing Denied Feb. 20, 1946.

Wardlow W. Lane, of Center, for appellant.

E. B. Lewis, of Center, and J. J. Greve, of Nacogdoches, for appellees.

COE, Chief Justice.

This is an appeal from a judgment of the district court of Shelby County, sustaining a plea of res judicata and thereby overruling a plea of privilege filed by the appellant, W. H. Ayers, in a suit filed by Mamie Putman, joined by her husband, W. F. Putman, against appellant by application for writ of habeas corpus for future care and custody of a minor, Rosalyn Ayers, filed in the district court of Shelby County, Texas. Appellees' petition for writ of habeas corpus was presented to the Hon. S. H. Sanders, judge of the 123rd Judicial District of Texas, composed of Shelby and Panola Counties, on the 28th day of August, 1945, whereupon said judge noted on said petition his disqualifications to act in this cause. Thereafter, on the 29th day of September, 1945, application was presented to the Hon. F. P. Adams, judge of the First Judicial District of Texas, who in due order set the same for a hearing on the 22nd day of October, 1945, in the district court room of Shelby County in Center, Texas. On that date, the petition or application came up for a hearing, whereupon the defendant, W. H. Ayers, filed his plea of privilege in due form, alleging that he was not then and was not at the time of the institution of this suit, nor at the time of such service of process upon him, nor at the time of the filing of his plea, a resident of Shelby County, Texas, but that he was at such times a resident of Gregg County, Texas, that his postoffice

was Greggton, Texas, and properly alleged that no exception to the exclusive venue in the county of one's residence as provided by law exists in said cause, that it did not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Shelby, State of Texas, or elsewhere out of said Gregg County, and prayed that this suit be transferred to the district court of Gregg County. Whereupon, appellees filed what they denominate as a response to and as answer and plea to the plea of privilege filed in this cause by appellant, W. H. Ayers, wherein they alleged that on January 6, 1940, the district court of Panola County, Texas, entered a judgment in the case of Buren Ayers v. Mamie Lou Ayers, granting a divorce and awarded the care and custody of Rosalyn Ayers, a child born of said marriage, to the appellant, W. H. Ayers, the paternal grandfather of said child, that the residence of said W. H. Ayers was and is in Shelby County, Texas.

That thereafter, on August 9, 1945, Mamie Putman, who is one and the same person as Mamie Lou Ayers mentioned in said suit and who is the mother of said Rosalyn Ayers, filed her petition and application in the original cause of Buren Ayers v. Mamie Lou Ayers in the district court of Panola County, Texas, by way of habeas corpus and for the modification of the judgment of January 6, 1940, and to the extent and for the purpose of having the care and custody of said minor taken from said W. H. Ayers and having the same awarded to her, the said Mamie Putman, that notice was given to the appellant, W. H. Ayers, to the effect that the court had set the hearing in Carthage for the 15th day of August, 1945. The appellant, W. H. Ayers, filed his plea of privilege in due form, stating that his residence was in Shelby County, Texas, and requesting that the cause be transferred to the district court of Shelby County, Texas. They further alleged that in vacation time of the district court of Panola County, Texas, and before any answer had been filed by the defendant, W. H. Ayers, and at a time when no affirmative relief was asked for by the said defendant, W. H. Ayers, that the said Mamie Putman dismissed her cause of action in the district court of Panola County, Texas, thereby conceding that the venue of said cause which involved the care and custody of the child, Rosalyn Ayers, was properly laid in

Shelby County, Texas; that thereafter, on the 29th day of September, 1945, the appellees instituted this suit against the defendant for the same purpose for which the suit was instituted in Panola County. They further plead that the dismissal of the Panola County suit under the circumstances above set out is res judicata of the venue and that the venue as a matter of fact and of law is fixed for all times to come in Shelby County, Texas, and prayed that their plea of res judicata be sustained by the court and that the court proceed to hear and determine the issues and matters involved in the suit. The appellant filed his answer to appellees' plea of res judicata, alleging that there was no order of dismissal in the Panola County suit on the minutes of said court and that there was in truth and in fact an answer filed by appellant in the Panola County suit, seeking affirmative relief and attached a certified copy of such answer as an exhibit under the certificate of the clerk of that court, that the same was filed on the 15th day of August, 1945. He further plead that the Panola County suit above referred to had as basis for relief alleged changed conditions and circumstances between January 6, 1940, and the date of the original divorce judgment, and August 9, 1945, while in the present suit the appellees relied for relief upon alleged changed conditions existing between January 6, 1940, and September 29, 1945, and therefore, they are not the same cause of action. Upon a hearing, the trial court sustained the plea of res judicata filed by appellees and overruled appellant's plea of privilege, from which order the appellant has perfected his appeal.

■ Appellees have filed a motion to amend the transcript filed in this cause by adding thereto and making a part thereof certain exhibits taken from the records of the district court of Panola County, Texas, and an affidavit by one of the attorneys for appellees, relating to the history and proceedings of a former suit between the same parties in the district court of Panola County. There is no authority for so amending the transcript; therefore said motion is overruled. Red Gin Co. v. Allen-Morrow Co., Tex.Civ.App., 52 S.W.2d 294.

■ The appellant has presented and briefed five points upon which he predicates this appeal. The first three points pertain to the admission of certain evidence and the lack of sufficient evidence to support the judgment entered by the court while his fourth point complains of the action of the court in proceeding to hear the plea of privilege on the same day such plea was filed, without ten days notice. While these points present complaints with merit we feel that we are justified in passing them without discussion for the reason that we feel that appellant's fifth point, which is to the effect that this suit for the care and custody of a minor child based on changed conditions existing from January 6, 1940, to September 29, 1945, was a new and different cause of action from the one between the same parties for the custody of the same child based on changed conditions from January 6, 1940, to August 9, 1945, and that the trial court erred in holding them to be the same cause of action so as to sustain a plea of res judicata, should be sustained and therefore it would be useless to reverse and remand the cause for further proceedings.

■ Appellees cite several cases in support of their contention that the trial court properly sustained their plea of res judicata to appellant's plea of privilege, among them being Tempel Meyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222; Royal Petroleum Co. v. McCallum, 134 Tex. 543, 135 S.W.2d 958; First National Bank v. Hannay, 123 Tex. 203, 67 S.W.2d 215; H. H. Watson Co. v. Cobb Grain Co., Tex.Com. App., 292 S.W. 174; Price v. Lovejoy, Tex. Civ.App., 88 S.W.2d 785; Humble Oil & Refining Co. v. Pettaway, Tex.Civ.App., 76 S.W.2d 1069; Clifton v. Price, Tex.Civ. App., 88 S.W.2d 783; Carter v. Calhoun, Tex.Civ.App., 6 S.W.2d 191; Coke v. Pottorf, Tex.Civ.App., 140 S.W.2d 586. There is language to be found in the opinion of several of these cases apparently holding that in the ordinary suit between the same parties involving the same subject matter that the act of the plaintiff in dismissing his suit after a plea of privilege had been filed by the defendant constitutes res judicata as to the venue of any subsequent suit between the same parties involving the same subject matter. However, in none of the cases cited did the court undertake to pass on the effect of such proceedings when subsequent to the dismissal and before the filing of the second suit the defendant had changed the county of his residence. There are strong reasons to support the proposition that where the defendant has moved his residence from the county where he resided on the date of

the filing of his plea of privilege in the first suit and before the filing of the second suit that he would not be precluded from again asserting his personal right to be sued in the county of his residence at the time of the filing of the second suit. We find it unnecessary to express our opinion on this proposition for the reason that the disposition of this case, as we view the law, depends on the simple proposition as to whether the suit filed by appellees in Panola County, against appellant on the 9th day of August, 1945, is the same or a different cause of action involved in the suit filed by them in Shelby County against appellant on September 29, 1945. Hunt v. Wroe, Tex.Civ.App., 129 S.W.2d 768. In the case of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1020, the Supreme Court used this language: "It follows that suits to relitigate and readjudicate custody of minor children on account of changed conditions were governed by the general law of venue, and such venue lay in the county of the residence of the defendant. Black v. Black, supra [Tex.Civ.App., 2 S. W.2d 331]; Keith v. Keith, supra [Tex.Civ. App., 286 S.W. 534]; 15 Tex.Jur., supra, and authorities there cited." The action of the trial court in granting or denying the relief sought by appellees in their suit filed in Shelby County on September 29, 1945, could have been predicated solely and entirely upon changed conditions existing between the date of the dismissal of appellant's suit in Panola County (if in fact there was an effective dismissal) and the date of the filing of the second suit in Shelby County. Had the trial court entered a final judgment upon the merits of the case in the Panola County suit, appellees could have filed a second suit, as they did, in Shelby County and the judgment in the Panola County suit would not have been res judicata as to changed conditions existing subsequent to the date of its entry. Lakey v. McCarroll, supra, and cases there cited. To hold that a custodian of a minor who in one proceeding to relitigate and readjudicate the custody of said minor, files a plea of privilege to be sued in the county of his then residence forever fixes the venue of any and all suits between the parties over such custody in the county where he then resides, regardless of when he might establish his residence in another county, would be unjust and unreasonable. The number of suits a party may file to relitigate and readjudicate the custody of a minor on changed conditions is unlimited.

Such being the law, the venue of each succeeding suit, being a new and independent action, is in the county of the then residence of the defendant.

It follows that we are of the opinion that the proceedings in the Panola County suit could not be res judicata as to the venue of this suit filed in Shelby County, and that the general law of venue would apply to the Shelby County suit just as though the suit in Panola County had never been filed. There being no challenge of the right of appellant to have this cause transferred to Gregg County, other than the plea of res judicata herein discussed, it follows that this cause should be, and is, reversed and remanded to the trial court with instructions to transfer this cause to the district court of Gregg County, Texas, being the county in which the appellant resides.

Reversed and remanded, with instructions.