**Frank SLACK, Appellant,**

v.

**The ALLEN MILITARY ACADEMY,**
Appellee.

No. 3372.

Court of Civil Appeals of Texas.

Waco.

April 19, 1956.

Rehearing Denied May 10, 1956.

Ernest S. Fellbaum, Houston, for appellant.

John M. Barron, Bryan, for appellee.

TIREY, Justice.

Appellant has appealed from an order overruling his plea of privilege to be sued in Harris County, the county of his residence. There was no request for findings of fact and conclusions of law and none filed.

The order is assailed on one point. It is substantially that the court erred in overruling defendant's plea of privilege and plea of res judicata, since venue had been judicially fixed and determined by the proceedings had in Cause No. 14980 in the same 85th Judicial District Court between the same parties on the same cause of action.

A statement is necessary.

On March 3, 1955, appellee filed suit against appellant in the 85th Judicial District Court of Brazos County, in cause numbered 14980 on the docket of said court. The petition alleged substantially that on the 21st of October, 1954, the defendant (appellant) agreed to pay the plaintiff (appellee) at Bryan, Texas, the sum of $6,519.08, said sum of money to be due and payable in

monthly sums of not less than $200, with total balance due not later than October 21, 1955, with interest at the rate of 6%, together with an agreed attorney's fee of $651.90; that appellant timely filed his plea of privilege in said cause No. 14980 on the 11th of June, 1955; on July 20, 1955 appellant filed motion requesting the court to sustain his plea of privilege, since no controverting plea had been filed by the appellee; thereafter on August 20, 1955, appellee came into court and asked the court for the privilege of taking a non-suit, and this order was granted; thereafter appellee, on the 14th of December, 1955, filed suit in behalf of appellee against this appellant in the 85th District Court of Brazos County, the number of said suit being 15089. The appellee's original petition in this cause alleged substantially that on the 21st of October, 1954, defendant made, executed and delivered to plaintiff a certain promissory note for $6,-519.08, payable to the order of the appellee at Bryan, Brazos County, Texas, in installments of not less than $200 per month, thirty days from the above date, and that said note was due and payable in full on or before October 21, 1955, together with interest at the rate of 6% per annum from date until paid, together with an additional amount of 10% on the principal and interest as attorney's fees. Appellant timely filed his plea of privilege therein on the 14th of January, 1956 in the statutory form, and in addition alleged a plea of res judicata based upon the proceedings had between the parties in cause No. 14980. Appellee timely filed its controverting plea on the 21st of January, 1956, but made no reply to defendant's plea of res judicata. The controverting plea specifically sets out the terms of the note sued on, payable at Bryan, Texas, and alleges that by reason thereof venue falls within the terms of subdivision 5 of Art. 1995, Vernon's Ann. Civ. Stats.

On trial plaintiff tendered Nat B. Allen, Jr., who testified to the effect that he was President of Allen Academy, a corporation, at Bryan, and he identified the note described in plaintiff's petition, and it was tendered in evidence, the terms of which have been heretofore substantially set out. On cross-examination he testified to the effect that defendant's indebtedness to Allen Academy was the sum of $6,519.08, payable in monthly installments of not less than $200 per month, with the entire balance due October 21, 1955, and further testified that such indebtedness constituted the entire indebtedness of the said Frank Slack to Allen Military Academy.

"Q. I will ask you, Mr. Allen, if that constituted the entire indebtedness of Mr. Slack to Allen Military Academy? A. At the time, it did. Well, actually, he owed two hundred dollars more than that, I believe, or something in that neighborhood—I am not sure—and he agreed to—he actually wanted to secure his two sons' credit that they had earned at the Academy at that time, and I believe he paid the Academy two hundred dollars and the balance was this note that he signed at that time.

"Q. So, after he signed this note and paid that two hundred dollars—was that in 1954? A. I believe that's correct.

"Q. After that, Mr. Slack's only indebtedness to the Academy was represented by this note? A. That's correct."

Defendant then introduced in evidence the following:

Plaintiff's original petition in Cause No. 14980, styled "The Allen Military Academy v. Frank Slack" filed in said cause on May 3, 1955, marked "Defendant's Exhibit No. 1";

Plea of privilege filed by defendant in cause No. 14980 on June 11, 1955, and marked "Defendant's Exhibit No. 2";

Motion to sustain plea of privilege filed by defendant in cause No. 14980 on July 20, 1955, and marked "Defendant's Exhibit 3";

Judgment of non-suit entered in cause No. 14980 on August 20, 1955, marked "Defendant's Exhibit 4";

Plea of privilege filed by defendant in cause No. 15089, styled "The Allen Military Academy v. Frank Slack" on January 14, 1956 and marked "Defendant's Exhibit No. 5".

Absent the formal parts, we quote plaintiff's original petition in cause No. 14980:

"Now comes The Allen Military Academy, a corporation, hereinafter called plaintiff, complaining of Frank Slack, of Harris County, Texas, hereinafter called defendant, and for cause of action the plaintiff would show to the court and allege the following:

"1. Plaintiff alleges that on or about the 21st day of October, 1954, the defendant agreed to pay the plaintiff. at Bryan, Texas, the sum of $6519.08, for the furnishing by plaintiff of services in connection with attendance at the Allen Military Academy at Bryan, Texas, said charge being for tuition, board, room, fuel, lights, library, laboratory fees and other incidental items required for the education of his son, who was enrolled in said Academy, said sum of money to be due and payable in the following manner and upon the following terms, to-wit:

"Said sum being payable in monthly sums of not less than $200.00, with total balance due not later than October 21, 1955, with interest at the rate of 6%.

"2. That the plaintiff has tendered in every respect and performance of said contract and discharged its duties and obligations in connection with the education and services above named, but the defendant has failed and refused to pay to the plaintiff as agreed the sums specified above and there is now due and owing to plaintiff the sum of $6519.08, plus interest at the rate of 6%, and that though often requested, the defendant fails and refuses and still fails and refuses to pay said sum of money or any part thereof, the required notices having been given.

"3. That the sums of money agreed upon are in all things the ordinary, proper and reasonable charges for the accommodations and services agreed upon, and the defendant's failure to pay as agreed has necessitated the employment of the services of the undersigned attorney, and that a reasonable fee under the circumstances is the sum of $————, or in the alternative the agreed fee is the sum of $651.90.

"Wherefore, premises considered, the plaintiff prays that the defendant be cited in terms of law to appear and answer herein, and that upon a hearing plaintiff be awarded judgment for the sum of $6519.08, together with interest, costs and attorney's fees, and for such other and further relief which the plaintiff may show itself justly entitled to, both in law and in equity."

As above stated, no controverting affidavit was filed to the foregoing plea of privilege. Thereafter, the court, on the 20th of August, 1955, entered the following order:

"On the 20th day of August, 1955, in open court came the plaintiff in person and by his attorney, and announced that the plaintiff no longer desired to prosecute this suit, wherein Allen Military Academy, Bryan, Texas, is plaintiff and Frank Slack is defendant, and said plaintiff requested the court for a nonsuit in this cause, and that it be dismissed from the docket of this court without prejudice;

"It is, therefore, ordered by the court, under existing laws and particularly Rule 164, Texas Rules of Civil Procedure, that said motion for non-suit be in all things granted, and that this cause be and the same is hereby dismissed from the docket of this court without prejudice to the rights of any part, except that the issue of venue under defendant's plea of privilege filed herein, and the rights acquired, if any, by the filing of the same in this pending suit are not affected by this non-suit.

"It is further ordered that the plaintiff pay all costs in this behalf expended."

The parties also stipulated:

"It is stipulated between the parties that Mr. Frank Slack, the defendant,

resides in Harris County, Texas, and that Harris County, Texas, has been his residence at all times material hereto.

"It is also stipulated between the parties that Mr. Barron received this letter dated July 21, 1955, from Mr. Fellbaum's office, and that thereafter the only action in the case was the taking of non-suit by him * * *."

Our view is that this record conclusively shows that there was only one indebtedness owing by defendant to the Allen Military Academy, and that the original petition in cause No. 14980 (the first suit filed) described with certainty such indebtedness. It is true that the petition failed to state expressly the execution and delivery of the note evidencing the debt but defendant's only indebtedness to the plaintiff was accurately described in the original petition and the owner and holder of such indebtedness testified that such indebtedness was the sole and only indebtedness owing by defendant to the plaintiff Academy. So we have no difficulty in reaching our decision that the subject matter in the first suit is the same as the subject matter in the second suit, and that defendant's plea of res judicata in connection with his plea of privilege, in addition to his plea of privilege, is good, and we do not think that this view need be labored. See Galbreath v. Farrell, Tex.Civ.App., 275 S.W. 238 (writ ref.).

It is our further view that the foregoing factual situation brings this cause within the rule announced by our Supreme Court in Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222, 224 (opinion by Judge Hickman, now Chief Justice Hickman). In this opinion we find this statement:

"A statutory plea of privilege is more than a pleading. It is prima facie proof of the defendant's right to have the venue changed from the county in which the suit was filed to the county named in the plea."

In reviewing the pertinent decisions applicable to a similar factual situation, the court said:

"In First National Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215, it was held that: 'A plaintiff, who, after filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken.' The status of the decisions by this court on this question was thus expressed in Royal Petroleum Corporation v. McCallum, 134 Tex. 543, 135 S.W.2d 958, 967: 'It appears to be definitely settled by our decisions that the action of plaintiff in the Dallas county suit in dismissing Royal Petroleum Corporation from that suit, after its plea of privilege had been filed, even in the absence of a controverting affidavit, is to be taken as an admission that said plea was good, and had the effect of fixing the venue of any subsequent suit between the parties, involving the same subject matter, in the county where the plea of privilege alleged it rightfully to be.' " Citing Watson Co. v. Cobb Grain Co., Tex.Com. App., 292 S.W. 174; First National Bank v. Hannay, 123 Tex. 203, 67 S.W. 2d 215.

The opinion of the court in Tempelmeyer v. Blackburn, supra, is clear, comprehensive and is controlling here, and our view is that further discussion would be of no avail.

Accordingly, the judgment of the district court of Brazos County overruling defendant's plea of privilege and plea of res judicata is reversed and judgment is rendered and the court is directed to transfer the cause of action to one of the district courts of Harris County, according to Rule 89, Texas Rules of Civil Procedure, and tax all costs in this proceeding to date against appellee.

Reversed and rendered.