**William B. BRAY, Jr., et al., Appellants,**

**v.**

**Iley COMPTON, Appellee.**

**No. 4231.**

Court of Civil Appeals of Texas.

Waco.

Feb. 12, 1964.

McCown & Cobb, Dumas, for appellant.

Eli Willis, Lovell & Lyle, Dumas, for appellee.

TIREY, Justice.

This is an appeal from the order of the District Court of Moore County granting a temporary injunction against William Bray, Jr., and William Bray, Sr., and wife, Bonnie Bray, from removing a minor child, William Michael Bray, from the home of Mr. and Mrs. V. M. Brown, and from taking custody of the minor. The decree also overruled the pleas of privilege filed by each of the defendants to be sued in Hansford County, Texas. The decree was entered on the 8th day of November 1963, to which the defendants in open court excepted and gave notice of appeal to the Amarillo Court and, thereafter, on November 15, 1963, defendants executed their appeal bond and duly filed it with the Clerk of the District Court of Moore County on the 18th day of November 1963, and thereafter filed transcript with the Amarillo

Court on the 3rd day of December 1963. The cause is here on transfer.

Appellee, on January 23, 1964, filed his motion to dismiss this appeal on the ground that the cause of action is now moot, and for such grounds we quote the recital in his motion:

"1. That on the 20th day of January, A.D. 1964, the Honorable 69th Judicial District Court in and for Moore County, Texas, did grant to Appellee herein a non-suit in the above styled and numbered cause. That certified copy of such order of non-suit is attached hereto and made a part hereof for all purposes as Exhibit 'A'".

We quote the pertinent part of Exhibit "A":

"TO THE HONORABLE JUDGE OF SAID COURT:

"Comes now Iley Compton for himself and on behalf of the Moore County Child Welfare Board, plaintiff herein, and states that he and they no longer desire to prosecute this suit and moves for the non-suit and dismissal as to the said defendants, without prejudice to his and their cause of action in any respect whatsoever.

"/s/ Iley Compton
Iley Compton".

"ORDER

"Be it remembered that on this the 20th day of January, A.D. 1964, came the parties in the above styled and numbered cause by their attorney, and plaintiff announced to the court in open session that plaintiff desired to take a non-suit in said cause.

"It is therefore ordered by the Court that plaintiff be granted a non-suit herein without prejudice to the rights of plaintiff in any respect, and that all costs be taxed against plaintiff.

"/s/ Harry H. Schultz
Judge of the District Court in and for Moore County, Texas."

The foregoing motion and order thereto is certified to by the District Clerk of Moore County.

It is our view that this motion must be granted under the authority of Gladden v. Thurmond, Tex.Civ.App., 77 S.W.2d 703, (n. w. h.), and cases there cited. See also Texas Rules of Civil Procedure, rule 164, and cases there cited. In the Gladden case, supra, we find this statement:

"A plaintiff has a legal right at any time to take a nonsuit and dismiss the cause of action asserted by him. And this holds true even though an appeal is pending from an interlocutory order overruling a plea of privilege." Citing Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S.W. 283.

See also First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215, Sup. Ct., Per Curiam opinion. Our Supreme Court, in Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600, points (3–5), page 602, makes this statement:

"In our opinion, the defendants could not successfully oppose the plaintiffs' motions for a nonsuit. The statute gives them that absolute right."

Again, in the Gladden case, we find this statement:

"A judgment of the trial court, permitting the plaintiff to take a nonsuit and dismissing the cause while an appeal is still pending from an order overruling a plea of privilege, renders moot the question originally presented by such appeal." Citing First National Bank in Dallas v. Hannay, supra.

Under the foregoing authorities we feel it is our duty to grant this motion and dismiss this appeal.

Accordingly, the motion is granted and the appeal is dismissed, and all costs in the court below and here are taxed against appellee.