SOUTHWEST WHEEL AND MANUFAC-
TURING COMPANY, Appellant,

v.

Marie Y. McMILLIAN et vir, Appellees.

No. 7367.

Court of Civil Appeals of Texas,
Beaumont.

Aug. 31, 1972.

Wm. H. Payne, Houston, for appellant.

Gibbs Spiller, Houston, Vernon Berry, Clark Anderson, Lufkin, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling the plea of privilege of Southwest Wheel and Manufacturing Company (hereinafter called "Southwest Wheel"). There are no findings of fact or conclusions of law.

The record before us shows the following transpired in this case: Plaintiffs, Marie Y. McMillian and husband, filed suit in Polk County against Lufkin Coca-Cola Bottling Company (hereinafter called "Coca-Cola Company") and two of its employees for damages arising out of a collision. Coca-Cola Company filed a third party action against Southwest Wheel. Southwest Wheel filed its plea of privilege in that third party action which was sustained. Plaintiffs then made Southwest Wheel a party defendant by amended pleadings and the plea of privilege before us was filed.

Southwest Wheel's sole point of error here is that the venue question as to this cause of action was determined in the earlier plea of privilege.

The question before us appears to be one of first impression. We have neither been cited nor have we found a case precisely in point. Southwest Wheel bases its argument upon the general rules of res judicata, that the same question of law and issues of fact, once litigated and adjudicated, cannot be relitigated in a subsequent suit between the same parties or those in privity with them. Swilley v. McCain, 374 S.W.2d 871 (Tex.1964). It is also argued that the rule of res judicata covers not only the issues actually tried, but also all of the issues which might have been tried. Ogletree v. Crates, 363 S.W.2d 431, 435 (Tex.1963). The law is well settled in this state that the rule of res judicata has application to venue cases. See Southwestern Investment Company v. Gibson, 372 S.W.2d 754 (Tex.Civ.App., Fort Worth, 1963, no writ). Picadilly

Cafeteria of Waco, Inc. v. Lee, 301 S.W. 2d 228 (Tex.Civ.App., Dallas, 1957, no writ). Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222, 224 (1943). We, of course, agree with these general statements of law made by Southwest Wheel, but we are unable to agree with the conclusion reached in the application of these rules of law.

 We have concluded that there are good reasons why the rules of res judicata do not apply to the situation before us. Even if we assume, arguendo, that the same questions of law and issues of fact were litigated in the first plea of privilege hearing as in the case before us, we do not have the same parties or those in privity with them. The plaintiffs were not parties involved in the first plea of privilege. They had no pleadings and would not have been allowed to do any of the things that a party could do. They could not have offered evidence, made objections to the introduction of evidence, and, most important, could not have appealed from an adverse decision by the trial court. We do not believe the fact that the plaintiffs were in the main case on its merits would make them a *party*, in the sense that word is used in the general rule of res judicata, to the plea of privilege hearing between Southwest Wheel and Coca-Cola Company. Cf. Benson v. Wanda Petroleum Company, 468 S.W.2d 361 (Tex.1971).

The third party action by Coca-Cola Company against Southwest Wheel was one solely for contribution and indemnity and relief was sought against Southwest Wheel only in the event the plaintiffs were successful in their suit against Coca-Cola Company. The cause of action plaintiffs now alleged against Southwest Wheel is one based upon negligence and independent direct recovery is sought against this additional defendant.

No complaint is made by Southwest Wheel that the order of the trial court is not supported by the evidence heard as to the exceptions raised by the controverting affidavit.

Affirmed.