Christene CLINE et vir, Appellants,

v.

W. B. MAY, Appellee.

No. 6570.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1956.

Rehearing Denied Feb. 27, 1956.

Campbell & Brock, Lubbock, for appellants.

Wright & Waters, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action brought by petitioner, Mrs. Christene Cline, joined by her husband, C. G. Cline, against W. B. May for the change of custody of three minor children, Patricia Ann May, Joyce Sue May and Harold Kenneth May. Mrs. Cline and W. B. May were formerly man and wife but were divorced July 6, 1950 and, in that divorce judgment, W. B. May was given custody of their three children involved herein. Petitioner and C. G. Cline were married December 23, 1951. W. B. May and his present wife were married in October, 1950. This hearing was tried by the court without a jury. The court denied petitioner custody of said children but decreed that the care, custody and control of said minor children remain with their natural father, W. B. May, subject to the right of Mrs. Cline to visit the children at any and all reasonable times and places. From this judgment, appellant has perfected this appeal.

■ Appellant presents her appeal upon three assignments of error. By her first assignment of error, she complains that the trial court abused its discretion in failing to find that the changed conditions of the parties required a change of custody of the minor children. Without repeating the testimony given on the trial of the case, we not only think the trial court did not abuse its discretion but think there was abundant evidence to sustain the court's finding and the disposition made as to the custody of the children and consequently overrule appellant's first assignment of error.

■ By appellant's third assignment of error, it is contended that the trial court erred in receiving secret and confidential evidence from the State Welfare Department since appellant was deprived of the right of cross-examination and right to object to any inadmissible evidence contained therein. The case of Cooksey v. Perkins, Tex.Civ.App., 263 S.W.2d 952, writ refused, N.R.E. held contrary to appellant's

contention here. Although we cannot agree that Article 46a, § 2, Vernon's Ann.Tex. Civ.Stat. applies to custody cases between parents. The only objection made by appellant on the trial of the case as to the court considering the report of the welfare department was made by appellant's attorney when the court asked him if he had anything further and the attorney answered as follows:

"Nothing further, except what has been offered. I would like, if the Court takes into consideration any reports of the Welfare Department to have the opportunity of seeing the reports, and examining the witnesses in regard to them."

The court replied:

"Those are all very confidential, Mr. Brock. I have one, but whatever I do here is going to be based on the testimony that I have heard."

Then Mr. Brock replied:

"Then, we would like to have the Court's conversation with the children recorded."

Under this record, should it be considered that a court should not consider the reports of the welfare department, we could not sustain appellant's third point of error as there is no proof that the court ever considered the report of the welfare department but the court stated that what he did in the case was going to be based on the testimony that he heard. The objection was if the court took into consideration the welfare report and the court stated he would base whatever he did on the testimony he heard and we cannot say he did not do that. Appellant's third point of error is overruled.

■ By appellant's second assignment of error, it is contended that the court erred in refusing to allow two of the children, ten and eleven years of age, to testify relative to mistreatment by their father and stepmother for the sole reason that he did not like to have children testify in proceedings of this kind because it would create

friction since said children were competent to testify and their evidence was material.

We take it that it is so well-established by the laws of this state that, in controversies involving custody of minor children, the paramount and controlling question and ultimate issue is the welfare and best interests of the children that citation of authorities will not be necessary. It is well-established as the law of this state that determination of what is to the bests interests of the children is vested in the sound discretion of the trial court and the judgment of the trial court on such matters will not be disturbed on appeal unless abuse thereof appears from a greater preponderance of the evidence. But we think that discretion in custody cases applies to where is the best place to place the children for their future welfare and does not apply to whether or not the trial court may say it is not for the best interests of the children to testify. In cases where change of custody is sought, the burden of proof as to the need for a change of custody is upon the party seeking the change of custody. In many cases, the child is the only one that can testify as to certain facts as, for example, suppose there were two little girls of competent age to testify living with their father who brought drunk men to their home that abused the children and no one knew of that condition besides the father, the drunks and the two little girls. It certainly would be a tragedy to refuse to permit the children to testify under that condition. We are of the opinion that, when children of competent qualifications under the rules of evidence are called to testify, the trial court does not have within his discretion the right to refuse to permit the children to testify. The real issue to be determined is the welfare of the children and there is no better way of determining the welfare than to have the true facts as to the actual existing conditions and not just a part of the facts. We have not been cited to any authorities passing upon this direct point and neither have we found any. But we are of the opinion, and so hold, that unless children be permitted to tell their side of the controversy between their parents that the real issue involved (the interests of the children) might be overlooked and defeated. We think the court erred when he refused to permit the two children to testify. Appellant was not required to do a useless thing and have a subpoena issued for the children as witnesses when the court informed appellant that he would not permit the children to testify. The purpose of permitting any child or children to testify or give its or their version of the true conditions is in order that the court might be better informed about all of the facts and thereby be in a better position to determine what is for the best interests of the child or children. The record in this case does not disclose whether the court actually talked to these children or not but the natural presumption from the very last statement made by appellant's attorney in the trial of the cause would be that the court did talk to the children about this matter and with the consent of appellant. At least there is nothing in the record to indicate appellant objected to the court interviewing the children. The very last statement made in the trial of the case by appellant's attorney, after discussing with the court about the report of the welfare department, as above stated, was as follows:

"Then, we would like to have the Court's conversation with the children recorded."

Whether it was recorded or not is not shown but no objections have been made because it was not recorded. The trial court had remarked, just prior to the last statement made by appellant's attorney, that whatever he did would be based on the testimony that he heard. We are unable to reach any other conclusion than that the trial court was going to or had talked with the children because, when appellant first requested that the children testify, it is shown that they were not in court and there is no showing that they were ever in the trial up until the closing of the evidence. Naturally then, the appellant consented for the trial court to talk to the children and *having consented* cannot complain of the

weight given to their statement. Kelly v. Applewhite, Tex.Civ.App., 231 S.W.2d 974, writ refused, N.R.E.

We approve, personally, of the court and attorneys talking privately with the children without compelling them to testify in open court but, unless that is done by agreement of the parties, we know of no rule that permits a court to arbitrarily refuse to permit children, that are of proper age and otherwise qualified, to testify when requested by one of the parties to be placed on the witness stand. However, in this case, we feel that when the appellant consented for the trial court to talk to the children that the court's error in refusing to permit the children to testify became a harmless error.

Judgment of the trial court affirmed.