**Jacques BERGERAC, Appellant,**

v.

**D. E. MALONEY, Appellee.**

**No. 7315.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 24, 1972.

Morton D. Newman, Dallas, for appellant.

Henry Klepak, Dallas, for appellee.

DIES, Chief Justice.

Appellant, Jacques Bergerac, and appellee, D. E. Maloney, were divorced in California in 1964. Two girls were born to the union. Their custody was awarded their mother with visitation privileges given appellant. Numerous hearings were had in California following the divorce seeking changes and enforcement of the original order. The most recent California court order was entered October 30, 1968. Subsequently, appellee moved to Dallas, Texas, and in June, 1970, filed suit there seeking "Application for Modification of Visitation and Increase of Child Support" alleging among other things "since the entry of said order [the 1968 California de-

cree] this Plaintiff and her two children have moved and do reside in Dallas, Dallas County, Texas, and that the minor children are within the jurisdiction of this Court, and that a material change has taken place since the rendition of such judgment."

In June, 1970, a hearing was had on appellee's application for temporary injunction and after testimony by both parties and conversation by the judge with the children, the court issued a temporary order pending trial, modifying the California decree.

In June, 1971, hearing was had on appellee's application following which the court entered an order modifying the California order in several aspects, and from this order appellant perfects this appeal. At the time of the June, 1971 trial in Dallas, the two girls were eleven and nine years of age.

Appellant contends it was improper for the trial court to consider any testimony heard in the temporary injunction hearing of June, 1970, including the interview with the two children.

The court stated at the conclusion of the June, 1971 hearing:

"Now, as I have stated earlier, I have reviewed the past hearings in this Court, which was held July 5th; the order was entered on the 15th day of July, 1970. I have reviewed all the testimony. I have reviewed my notes of the interview with the two beautiful children involved herein."

In Texas, the trial court is given great discretion in child custody cases and his authority to inquire into the facts is liberally construed. Murphey v. Walker, 209 S.W.2d 371 (Tex.Civ.App., Amarillo, 1948, no writ). See cases cited in 20 Tex. Jur.2d, Divorce and Separation, § 349 (1960). We see nothing wrong in the trial court's reviewing the testimony of the temporary injunction hearing. If it appeared that this testimony was not applic-

able in the 1971 hearing, the attorneys and parties were free to point this out.

Nor do we find any error in the trial judge interviewing the minors. It was suggested by appellant's counsel. Cline v. May, 287 S.W.2d 226, 228 (Tex.Civ.App., Amarillo, 1956, no writ); Kelly v. Applewhite, 231 S.W.2d 974, 979 (Tex.Civ.App., Amarillo, 1950, error ref. n. r. e.).

▮ Appellant attacks many of the trial court's findings of fact as being not supported by evidence or insufficiently supported.

"We take it that it is so well-established by the laws of this state that, in controversies involving custody of minor children, the paramount and controlling question and ultimate issue is the welfare and best interests of the children that citation of authorities will not be necessary." Cline v. May, supra, 287 S. W.2d at p. 228.

Of course, a parent who is not morally unfit has a fundamental right to visit and be with his children but under the terms and conditions set out by the trial court, whose discretion is subject to review only on a showing of clear abuse. Hill v. Hill, 404 S.W.2d 641 (Tex.Civ.App., Houston, 1966, no writ). Here the modified order still permits appellant to have the children leave Texas to visit him. Whether this be considered a "visitation right" or a "split custody" [See Judge Norvell's dissent in Leithold v. Plass, 413 S.W.2d 698, 702 (Tex.Sup.1967)], the issue is always the same—the best interest of the child. 27B C.J.S. Divorce § 312, p. 480 quoted by Judge Norvell in *Leithold*. See also Schwartz v. Jacob, 394 S.W.2d 15 (Tex. Civ.App., Houston, 1965, error ref. n. r. e.); Madden v. Madden, 365 S.W.2d 427 (Tex. Civ.App., Fort Worth, 1963, no writ).

Appellee was for four and one-half years an actress on a television series, "Peyton Place," and while such had considerable income. However, while she thereafter received "residuals" from the films, these expired in September, 1971. Her income was much less now and because of this she had applied for a real estate license. The children being older now than they were at the entry of the 1968 California order, their needs are greater.

The girls desired to attend summer camp which was not practical if appellant continued the right to have them two months in the summer as provided in the California order. One of the girls has dyslexia and should attend summer school. School in University Park convenes on August 30th and the two month visitation period granted appellant ending August 15th left insufficient time to get them ready for school. That when the children fly to California to visit their father, appellee pays their fare plus her mother's fare because she does not want them unaccompanied on the trip. That one of the girls has begun corrective treatment by an orthodontist in Dallas. Previously, when the girls visited their father in California, he had a wife to help him look after them which is not the case now. That appellant has since moved to New York City. The record shows that the children have made five trips to Biarritz, France, where appellant's parents live. Appellee testified that appellant had in the past threatened to keep them in France and seek their custody in French courts. Appellee therefore desired that he be placed under bond conditioned that he return them in accordance with the court order.

We do not find that the trial court abused his discretion and his order is affirmed.