Theresa Ann WOOD, Appellant,

v.

Daniel James WOOD, Appellee.

No. 17471.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 25, 1974.

Pope, Hardwicke, Hobbs, Christie & Montgomery, Fort Worth, and Sanders, Miller & Baker, and Oth Miller, Amarillo, for appellant.

Law, Snakard, Brown & Gambill, and Samuel A. Denny, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by Theresa Ann Wood from the court's order overruling what she calls her plea of privilege.

The parties here, Daniel James Wood and Theresa Ann Wood, had been married and were divorced by Domestic Relations Court No. 3 of Tarrant County, on June 26, 1970. This divorce decree awarded custody of the parties' child, Michael, to Theresa Ann Wood and provided that the father, Daniel James Wood, should have the right of visitation with said child at all reasonable times and places, including but not limited to two weeks in the summer and one week after Christmas.

On December 22, 1972, Daniel James Wood filed among the papers of the original divorce case in Domestic Relations Court No. 3 of Tarrant County a petition complaining of Theresa Ann Wood. Mr. Wood designated this petition as "Petition for Modification of Visitation Rights" alleging therein the fact of the divorce and prior custody and visitation award and alleged that Mrs. Wood had not allowed him reasonable visitation and asked that the court define his rights of reasonable visitation more clearly and alleged that since Mrs. Wood then lived in Amarillo, Potter

County, Texas, reasonable visitation would include him having the child for six weeks during the summer, for one week during the Christmas holidays, for one week during Easter and for every third weekend of each month. He alleged that he had a home in Fort Worth and his parents had one in Amarillo suitable for visits with the child. Wood prayed for an order defining his visitation rights and for such further relief to which he may be entitled.

Mrs. Wood on January 17, 1973, filed a plea of privilege asking that the case be transferred to Potter County, Texas, of which county she was then a resident.

Mr. Wood then filed a controverting affidavit and at the hearing of the plea of privilege Mr. Wood announced to the court that he desired to take a non-suit and the court did then, at Wood's request, on March 1, 1973, dismiss Wood's "Petition for Modification of Visitation Rights." The order was reduced to writing and signed on March 12.

Thereafter on March 26, 1973, Mr. Wood refiled in the Tarrant County divorce court among the papers in the divorce case his petition against Mrs. Wood. This petition alleged the residence of Theresa Ann Wood at this time to be in Ft. Smith, Arkansas. The petition in the first case had alleged her residence to be in Amarillo, Potter County, Texas. Except as to these allegations as to Mrs. Wood's residence, the allegations of Mr. Wood's petitions in the first and second cases were the same and the relief sought was identical. Wood also styled this second petition as "Petition for Modification of Visitation Rights."

Mrs. Theresa Ann Wood did then on May 25, 1973, file what she designated as "Respondent's Plea of Privilege." This instrument was not in the form of a plea of privilege as prescribed by Rule 86, Texas Rules of Civil Procedure. She simply alleged in substance the facts that we have above set out and contended therein that when Wood took the non-suit on March 1, 1973, he abandoned his contest of Mrs.

Wood's plea of privilege and in effect withdrew his controverting plea and admitted that her plea of privilege was good and that venue was properly in Potter County instead of Tarrant County. She asked that the court sustain this plea of privilege and transfer the case to Potter County.

Although the transcript does not contain a controverting plea to this May 25, 1973, plea of privilege, the appellant's brief states that Mr. Wood filed one and appellee does not dispute this statement. In view of Rule 419, T.R.C.P., we accept this statement as being correct.

In her brief Mrs. Wood admits that in the interval between the time of dismissal of the first case and the time Mr. Wood refiled his suit on March 26, 1973, that she had moved to Ft. Smith, Arkansas. The transcript also contains a special appearance that Mrs. Wood filed in this case before she filed the plea of privilege wherein she alleged that at the time the second petition was filed against her, she was a resident of Arkansas.

On July 12, 1973, the court overruled this May 25, 1973, pleading filed by Mrs. Wood that she calls a plea of privilege and it is from that ruling that Mrs. Wood has brought this appeal.

Mrs. Wood on this appeal urges one point of error, it being that the trial court erred in overruling her plea of privilege because Mr. Wood, by taking a non-suit, abandoned his contest of her plea of privilege making Potter County the proper county for venue of this suit.

We overrule this point and affirm the trial court's decree.

The general rule that applies in instances where plaintiff takes a non-suit and the case is dismissed following the filing of a plea of privilege by defendant is announced as follows in the case of Royal Petroleum Corporation v. McCallum, 134 Tex. 543, 135 S.W.2d 958 (1940) at page 967: "It appears to be definitely settled by our decisions that the action of plaintiff in the Dallas county suit in dismissing Royal Petroleum Corporation from that suit, after its plea of privilege had been filed, even in the absence of a controverting affidavit, is to be taken as an admission that said plea was good, and had the effect of fixing the venue of any subsequent suit between the parties, involving the same subject matter, in the county where the plea of privilege alleged it rightfully to be."

There are many other cases that hold that the rule announced in that case is the general rule in Texas. They include First National Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215 (1933); Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222 (1943); Southwestern Investment Company v. Gibson, 372 S.W.2d 754 (Fort Worth, Tex.Civ.App., 1963, no writ hist.); and Gathright v. Riggs, 344 S.W.2d 757 (Waco, Tex.Civ.App., 1961, no writ hist.).

Mr. Wood admits that the rule announced in these cases is the law in Texas and his position on this appeal is simply that this rule is not applicable to the facts of this case and that an exception to the general rule should be applied under the fact situation involved here. We agree.

We have reviewed all of the cases that we have been able to find where the rule announced in the Royal Petroleum Corporation case, supra, has been applied, and in each of them the defendant was at the time that the plaintiff filed suit the second time still a resident of the same county where he resided at the time he filed his plea of privilege in the first case.

There is a distinction between the facts of this case and the facts in all of the other cases that we have read where the general rule has been applied. In those other cases at the time of the refiling of the case the defendant still lived in the county where he lived at the time of the first filing of such case. In this case at bar, subsequent to the dismissal of the first suit and before the filing of the suit the second time, the

defendant had moved her residence from the county where she resided at the time of the dismissal of the first suit. In that interim the defendant had actually moved to Arkansas and had become a non-resident of Texas.

The question for our decision then is: does this general rule announced in the Royal Petroleum Corporation case, supra, apply and fix the venue of a plaintiff's case forever in the county that the defendant resided in at the time of dismissal of the first case, even though by the time plaintiff refiles that same case the second time against the defendant, the defendant has moved his residence and is no longer a resident of the county where he alleged his residence to be at the time he filed his plea of privilege in the first case?

We hold that the general rule referred to does not apply in a case where, in the interim between the dismissal of the first case and the refiling of such case, the defendant has moved his residence out of the county where he resided at the time he filed his plea of privilege in the first case.

A similar question was before the court in the case of Ayers v. Putman, 193 S.W. 2d 560 (Tex.Civ.App., 1946, no writ hist.). There, in a divorce case on January 6, 1940, the district court of Panola County, Texas, divorced a child's parents and awarded the custody of the child to its paternal grandparent, W. H. Ayers, who was then a resident of Shelby County, Texas. Later, on August 9, 1945, the child's mother sued Ayers, filing her petition in the divorce case in Panola County, seeking to modify that court's prior custody decree by having the custody of the child awarded to her instead of to Ayers. Ayers then filed a plea of privilege seeking to have the case transferred to the county where he then resided, which was Shelby County. When this plea was filed, the mother took a non-suit and her case was dismissed. Later, on August 28, 1945, the mother refiled the case against the grandfather (Ayers) and this time filed it in the district court of Shelby County, Texas. Ayers then filed

another plea of privilege wherein he alleged that at the time this last action was filed against him in Shelby County he was a resident of Gregg County, Texas, and asked that the case be transferred to that county. The mother, in response to this last plea of privilege, pleaded the facts as above set out, and contended that when she took the non-suit in the Panola County case at a time when defendant, Ayers, then had pending a plea of privilege to be sued in the county of his then residence, Shelby County, and when the suit was then dismissed that venue of that cause of action was thereby fixed for all time to come in Shelby County, Texas. She pleaded that these facts were res judicata on the issue of venue and the trial court sustained her plea of res judicata. On appeal the trial court's decree was reversed on other grounds, the appellate court stating that it was not necessary for it in deciding the appeal to pass on the question that is now before this Court. But on the question that is before this Court that court said at page 562: "However, in none of the cases cited did the court undertake to pass on the effect of such proceedings when subsequent to the dismissal and before the filing of the second suit the defendant had changed the county of his residence. There are strong reasons to support the proposition that where the defendant has moved his residence from the county where he resided on the date of the filing of his plea of privilege in the first suit and before the filing of the second suit that he would not be precluded from again asserting his personal right to be sued in the county of his residence at the time of the filing of the second suit." And again at page 563 the court said: "To hold that a custodian of a minor who in one proceeding to relitigate and readjudicate the custody of said minor, files a plea of privilege to be sued in the county of his then residence forever fixes the venue of any and all suits between the parties over such custody in the county where he then resides, regardless of when he might establish his residence in another county, would be unjust and unreasonable."

What that court said about the point under discussion is applicable here. There is no reason to apply the general rule above referred to to the facts of this case.

To magnify the situation assume that plaintiff had filed this case in Tarrant County against the defendant, a resident of Potter County, who filed his plea of privilege to be sued in Potter County. Assume that the plaintiff then takes a non-suit and the case is dismissed. Two months later the plaintiff refiles the same case either in Tarrant County or even in Potter County where defendant had lived when the first case was dismissed. But assume that in the interval between dismissal of the first case and the refiling of such case the defendant had moved his residence to Brownsville, Cameron County, Texas.

It is apparent under this assumed set of facts that it would be unreasonable and unjust if it were held that venue had been forever fixed in Potter County and that defendant did not have the right to have such suit transferred to the county where he resided at the time such suit was filed the second time.

We hold that the general rule that is announced in the Royal Petroleum Corporation case, supra, does not apply to the fact situation involved here. That general rule is only applicable in instances where the defendant's residence at the time of the filing of the second suit is in the same county where it was at the time of the filing of the plea of privilege in the first case.

Plaintiff's action in taking a non-suit and having the case dismissed after defendant filed a plea of privilege does not fix venue of that case in the county of defendant's then residence in instances where the defendant, in the interim between the dismissal of the first suit and the refiling of such case, has moved his residence out of the county where it was when the first suit was filed.

Many of the cases that have applied the general rule announced in the Royal Petroleum Corporation case, supra, speak in terms of res judicata when referring to the holding of that case. The following is from McDonald, "Texas Civil Practice", Sec. 4.62 at page 630: ". . . it is hardly accurate to speak in terms of res judicata. Normally, res judicata applies only when there has been a final judgment upon the merits of the matter concluded. *The rules here stated are grounded not upon that doctrine, but rather upon a principle of policy: the defendant should not be subjected to the repeated expense of presenting his venue claim in successive actions by a plaintiff who, through the abuse of his privilege of taking a nonsuit, prevents a final adjudication upon the question.* In the final situation, (speaking of the fact situation involved in this case) it is particularly inapposite to refer to the doctrine of res judicata, since it makes a dismissal the equivalent of a judgment on the merits of the venue issue, . . . ." (Emphasis ours.)

At the time Mr. Wood filed this case the second time neither of the parties lived in Potter County, so there would no longer be any justification for keeping venue of the case there. None of the reasons for the adoption and application of the general rule referred to are present in the facts of this case, and we are convinced that such rule should be held inapplicable to this fact situation.

The trial court did not err in overruling Mrs. Wood's plea of privilege to have this case transferred to Potter County. Her plea of a right to have the case transferred to Potter County would be good only if the rule of the Royal Petroleum Corporation case, supra, referred to above, is applicable to the facts of this case. See Art. 1995, Subd. 3, Vernon's Ann.Civ.St., which fixes venue of actions against non-residents in the county where plaintiff resides.

The judgment is affirmed.