Theresa Ann **WOOD**, Appellant,

v.

Daniel James **WOOD**, Appellee.

No. 17507.

Court of Civil Appeals of Texas, Fort Worth.

May 24, 1974.

---

Sanders, Miller & Baker, and Oth Miller, Amarillo, for appellant.

Law, Snakard, Brown & Gambill, and Samuel A. Denny, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The case before the trial court was a contest over parental "right of visitation" of a child of divorce. Theresa Ann Wood was the mother of the child and Daniel James Wood was the father.

We have heretofore had a phase of the case wherein it was contended that the subject matter involved propriety of a plea of privilege. See Wood v. Wood, 504 S. W.2d 952 (Fort Worth Tex.Civ.App., 1974, no writ history).

A possibility is that the antecedent case and the one presently before us for decision constitute merely the beginning of litigation between the parties. If so they should be made aware that the best interests of their minor child will be subverted to the primary interests of the parents in continuing strife which the law hopefully anticipated would be terminated by the decree of divorce.

We make certain observations common to most litigation involving argument concerning rights of parental visitation or of change of custody of children where the disputants are the divorced natural parents.

In the ordinary case it is in the best interest of the child that whichever of its parents has had the duties of custody imposed by authority of the divorce decree should encourage the maximum reasonable visitation by the parent upon whom such duties were not imposed but who has a "right of visitation". Judges know this but unfortunately too few parents, with minds colored by animosity and self-interest, are able to understand.

Thus we too often see instances where the parent with custody who happens to feel animosity toward the parent out-of-custody gradually forces circumstances so that a result is the divorcement of the child or children from the other parent. The parent out-of-custody usually yields. Whether he or she yields or fights there is some consequential detriment to the child. If a "fight" ensues the court is the arena in which it is conducted.

There is an ever increasing inclination by domestic relations courts to consider that unreasonable and arbitrary action of one parent in refusing or hampering the right of reasonable visitation of the parent out-of-custody constitutes justification for changing the custody of the child. By a change of custody the child's former custodian (now become a parent out-of-custody) must, of necessity, approach the custodian newly appointed to seek to make arrangement for his or her visitation.

It has been observed in some such cases that the parents have had it forcefully brought to their attention that their presumed "rights" are subsidiary; that in their preservation they must exhibit a spirit of cooperation and respect, the one to

the other parent, and ever seek to encourage the filial relationship of the child to both. This includes the duty of each to enhance the "image" of the other parent in the eyes and mind of the child, or at least to avoid any criticism which might impair it.

To make a "whole" man or woman of a boy or girl is to bring him or her to adulthood loving and being loved by both parents. With a family relationship preserved there should be and usually will be the disposition and willingness of both to come to the child's aid in case of need, whether material, physical, or emotional. A child's best interests are not served if, upon attaining adulthood, either parent has ceased to have such interest and willingness. To accomplish it in the case of a child whose parents are divorced requires continual effort and thoughtful consideration by both its parents. A parent is not being a "good parent" if he or she refuses—to an exspouse who is the parent "out-of-custody" —any opportunity to nourish the "parent and child" relationship, for it is in behalf of the child that occasion for such should be made.

In the instant case the parties' divorce occurred in Tarrant County, Texas on June 26, 1970. Custody of their child was given the mother, with provision that the father should have right of visitation at all reasonable times and places, including but not limited to two weeks each summer and one week after each Christmas.

The parties were unable to accommodate one another on a friendly basis. On December 22, 1972 the father filed—in the court in which the divorce had been granted—a pleading designated "Petition for Modification of Visitation Rights". By this time the mother had moved from Tarrant County and was a resident of Potter County, Texas. By March of 1973 the father took a non-suit.

March 26, 1973 the father filed anew in the court (where divorce had been granted) his "Petition for Modification of Visitation Rights". Litigation pursuant thereto resulted in the appeal which was the subject of our labors in Wood v. Wood, 504 S.W.2d 952. Our judgment established that the court below, in which the father had filed suit, was the proper forum for litigation of the issues made by pleadings.

August 30, 1973, while the aforementioned appeal pended, the parties went to trial on the merits of the father's case. By this time the mother had moved out-of-state and was resident in Fort Smith, Arkansas. October 10, 1973 the trial court rendered judgment. The mother appealed from it and it is now before us.

The judgment from which the appeal was perfected was denominated "Order Modifying Visitation Rights". It prescribed that the father's "rights of visitation" should be, as follows: (1) two weeks in June of each year upon two weeks' written notice given the mother of the time the period would begin; (2) two weeks in the first part of August of each year, upon like written notice given; (3) from 4:30 P.M. on Good Friday until 6:00 P.M. of Easter Sunday during each odd year; (4) from 10:00 A.M. December 26, through December 30, at 6:00 P.M., each year; (5) on each third week-end of each month beginning at 6:00 P.M. on Friday and ending at 6:00 P.M. on Sunday, except for the months of June, July and August, when such right of visitation shall be suspended except for the rights provided for as outlined in (1) to (4), inclusive.

On the mother's appeal she presents a single point of error, reading as follows: "The trial Court erred in entering its judgment of August 10, 1973, because such judgment amounts to a change of custody and not a modification of visitation rights."

■ There is no point complaining that the relief granted was without support by pleadings. Therefore whatever the issues made by the evidence they will be deemed to have support by pleading. The

**402**

father's pleadings did contain a prayer for general relief. His testimony on trial sufficed to raise the issue of a change of condition warranting alteration of custody. In consequence our conclusion is that in the present instance it makes no difference whether the judgment amounted to one which changed custody. The decree of the court, even considered as one which alters the prior custody provisions, is nevertheless to be affirmed.

Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children. It is immaterial whether the trial court, in the instant proceeding, construed the pleadings of the father as seeking a change of custody or merely modification of visitation rights; the point is that once the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes a duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence. Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.Sup., 1967).

The dissenting opinion by Justice Norvell in Leithold v. Plass, supra, presented the proposition that the welfare of the child of the parties should have been the controlling criteria of the trial court's decision. As applied to the case presently before us the trial court was the one in which there had been rendered the original decree of divorce making provision for visitation. The trial court was entitled to, and would be deemed to have taken judicial notice of the provisions of the antecedent judgment. We are not presented the pleadings and judgment in that case, but if there was anything therein or in the record made on its trial which disqualified the father as a "custodian" of, or "visitor" to, his child the court would have known of it and taken it into consideration in rendering the current decree. We are war-

ranted to assume that the father was a proper person to be associated with his child. With that assumption as a premise the discussion at the forepart of this opinion is appropriate, and the subject thereof presumed to have comprised a part of the matters which the trial court took into consideration in determining what should be prescribed in its decree to the best interest of the child.

As we view the case it is one where there is no dispute but that the trial court had jurisdiction to act as it pleased in behalf of the child; that since the court's equitable powers were invoked its judgment should be left undisturbed on appeal except in the event it should be shown, as it was not, that the court's entry of the decree constituted an abuse of discretion.

Judgment is affirmed.