**O., Appellant,**

v.

**P., Appellee.**

**No. 17896.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 3, 1977.

Opinion on Motion for Rehearing Dec. 15, 1977.

Motion for Rehearing Dismissed Dec. 22, 1977.

Don L. Prager, Fort Worth, for appellant.

Odell F. McBrayer and William D. Herron, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a case involving a suit for change of child custody under Tex. Family Code Ann. § 14.08 (1975). When the parties were divorced in November of 1972, the mother was appointed managing conservator of their two minor children. In February, 1975, the father filed a petition seeking a change of custody of the children from their mother to him. Trial was to the court. Having received two weeks of testimony, the trial judge took the case under advisement. Six weeks later, the court entered a temporary order whereby the daughter was to remain in the custody of her mother, but the custody of the son was changed to his father. Several months later, the trial court rendered a final judgment which made permanent the custody arrangement of the court's temporary order. The mother has perfected her appeal.

We reverse and remand in part and affirm in part.

In child custody cases, the best interests of the children involved will be served by identifying the parties by their initials only. Thus, on our own motion, we have done so. Tex. Family Code Ann. § 11.19(d) (1974). The children will be referred to as "son" and "daughter." Mr. P is the father of the children; Mrs. O is the mother of the children; Dr. O is the stepfather of the children; and Mrs. P is the stepmother of the children.

In her first twenty-three points of error, the appellant complains "that the trial court heard, considered, and acted upon evidence received after the trial on its merits without affording appellant an opportunity to be confronted by the witnesses and an opportunity to cross-examine those witnesses."

The appellee denies the truth of appellant's points of error # 1 through # 23. Appellee asserts that "the Trial Court considered only the evidence and testimony developed in the trial on the merits, and considered the evidence only for the purposes for which it was admissible."

In an attempt to prove these points, the appellant filed with the district clerk nine documents denominated "bills of exceptions" and one document captioned "bystanders' bill." According to appellant, these "bills" show that the trial court committed the errors complained of in her first twenty-three points of error.

Appellee filed a motion to strike all of these "bills"; that motion was denied by this court, pending the oral argument of this case. Thus at the outset, we are confronted with the question whether these various "bills" are properly before this court.

All of these bills were filed with the district clerk by the appellant. Several days after filing, the district clerk brought them to the attention of the trial judge. Having read each of these bills, the trial judge wrote "refused" on each one and signed her name. In addition, the judge attached to each "bill" a document signed by her. Among other items, each document recites that "such purported Bill of Exceptions . . . and affidavit attached thereto are improper, inaccurate, . . . . ."

Tex.R.Civ.P. 372 clearly sets out the proper procedure whereby a party may make a bill of exception for proper inclusion in the appellate record. Tex.R.Civ.P. 372(f) provides that "[b]ills of exceptions not in the statement of facts shall be presented to the judge for his allowance and signature." Tex.R.Civ.P. 372 further sets out a procedure whereby the judge can sign the bill, suggest such corrections as he deems necessary, or file his own bill as will, in his opinion, present the ruling of the court as it actually occurred. Tex.R.Civ.P. 372(j) sets forth the procedure for making a "bystanders' bill." It provides that should a party be dissatisfied with the bill filed by the judge, he may procure the signatures of three respectable bystanders (who are citizens of Texas) who will attest to the correctness of the bill as presented by that party. Having followed this procedure, the party can file the bystanders' bill as part of the record of the cause.

■ In this case, none of the documents entitled "bills of exception" were presented to the trial judge for her allowance and signature. This is an absolute requirement of Tex.R.Civ.P. 372(f). A bystanders' bill can only be filed in a case when the party is dissatisfied with the bill of exceptions "filed by the judge." Tex.R. Civ.P. 372(j). Since the applicable rule of civil procedure was not complied with, we hold that appellant's nine purported bills of exceptions and one purported bystanders' bill are not properly before this court. Accordingly, we shall not consider the contents of any of these documents.

Having examined the record before us, we conclude that there is nothing in the record which indicates that the trial court heard, considered, and acted upon evidence received after the trial on the merits without affording appellant an opportunity to be confronted by witnesses and an opportunity to cross-examine those witnesses. Accordingly, we overrule appellant's points of error # 1 through # 23.

Appellant's points of error # 24 through # 27 assert that the trial court erred in refusing to allow the children to testify and in refusing to interview the children in chambers with a court reporter as is authorized by Tex. Family Code Ann. § 14.07 (1975).

The amended Tex. Family Code Ann. § 14.07(c), effective September 1, 1975, provides in part:

"In a nonjury trial the court *may* interview the child in chambers to ascertain the child's wishes as to his conservator. . . ." (Emphasis added.)

■ The decision whether to interview a child in chambers has been left by the legislature to the sound discretion of the trial court. The section is not mandatory, even though such an interview will normally be very useful to the trial court in a nonjury case.

■ At the time of the hearing of this case in the trial court, the two children were seven and nine years of age. The general rule is that a person of fourteen years of age is presumed to be competent to give testimony. There is no such presumption for a child under that age, and in such circumstances, the child's competency is practically determined by an examination as to his intelligence. 61 Tex.Jur.2d *Witnesses* § 66 at 610 (1964). Under the common law, in order for a child to be competent to testify, he must understand the nature and obligation of the oath. 61 Tex. Jur.2d *Witnesses* § 60 at 601 (1964).

In *Cline v. May*, 287 S.W.2d 226, 228 (Tex.Civ.App.–Amarillo 1956, no writ), the court wrote:

"[W]hen children of competent qualifications under the rules of evidence are called to testify, the trial court does not have within his discretion the right to refuse to permit the children to testify. . . ."

The *Cline* case, *supra*, was discussed with approval in the case of *Callicott v. Callicott*, 364 S.W.2d 455 (Tex.Civ.App.–Houston 1963, writ ref'd n. r. e.). In *Callicott, supra*, the child called to testify was eight years and three months old. In reversing and remanding the case, the court wrote:

"This court . . . knows of no rule that permits a court arbitrarily to refuse to permit a child of proper age and otherwise qualified to testify when one of the parties requests that he take the witness stand. . . ." *Id.* at 458.

■ In the case at bar, however, the record does not show what the testimony of the children would have been, if they had been permitted to testify. This could have been done by the preparation of a bill of exceptions. In the state of the record before this court, we cannot determine whether the exclusion of the children's testimony should have been reversible error. *Bell v. Hoskins*, 357 S.W.2d 585 (Tex.Civ.App.–Dallas 1962, no writ); *Otto v. Otto*, 438 S.W.2d 587 (Tex.Civ.App.–San Antonio 1969, no writ). We overrule points of error # 24 through # 27.

In points of error # 28 and # 29, the appellant raises "no evidence" and "insufficient evidence" complaints. Both of these points are multifarious; however, in the

interest of justice, we have considered them.

Appellant in point of error # 28 contends that the trial court erred in finding that the proper managing conservator of the son would be Mr. P, because of no evidence or, alternatively, insufficient evidence to show a material and substantial change in circumstances. In point of error # 29, the appellant contends that the trial court erred in finding that the proper managing conservator of the son would be Mr. P, because of no evidence or, alternatively, insufficient evidence that retention of the present managing conservator would be injurious to the welfare of the son.

The rules by which this court must be bound in reviewing these points of error are set forth in Judge Calvert's article, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

Tex. Family Code Ann. § 14.08(c)(1) (1975) sets forth the requirements that must be met before the trial court may appoint a new managing conservator for a child. It provides:

"After a hearing, the court may modify an order or portion of a decree that: (1) designates a managing conservator if the *circumstances* of the child or parent *have so materially and substantially changed* since the entry of the order or decree to be modified *that the retention of the present managing conservator would be injurious to the welfare of the child* and that the appointment of the new managing conservator would be a *positive improvement for the child* ; . . . ." (Emphasis added.)

Prior to September 1, 1975, which was the effective date of the amendment of Tex. Family Code Ann. § 14.08, the law in Texas on change of child custody was different from what it is currently. The prior law is indicated by the following language from the case of *Becerra v. Garibaldo*, 526 S.W.2d 780 (Tex.Civ.App.–Corpus Christi 1975, writ ref'd n. r. e.):

"Where a material change of conditions has been established by the evidence, the question then to be resolved is whether the best interest and welfare of the child would be served by changing custody from the custodian to the noncustodian." *Id.* at 784.

The September 1, 1975 amendment added two very important requirements that must be met before a change of child custody can be ordered; i. e., that the retention of the present managing conservator would be injurious to the welfare of the child *and* that the appointment of the new managing conservator would be a positive improvement for the child. The person seeking the change of custody has the burden of proof under Tex. Family Code Ann. § 14.08(c) (1975). We note that the additional requirements have made a petitioner's burden much more difficult.

The evidence shows that Mrs. O has violated Mr. P's visitation rights on several occasions since the granting of their divorce. Mrs. O has even been held in contempt of court and fined for her interference with Mr. P's visitation rights. We overrule point of error # 28 to the extent of appellant's "no evidence" complaint. Having read the entire statement of facts, we also overrule point # 28 to the extent of appellant's "insufficient evidence" complaint.

Now we will consider whether there is "no evidence" or alternatively "insufficient evidence" to show that the retention of the present managing conservator would be injurious to the welfare of the son.

A psychologist in marriage and family counseling testified for Mr. P that it would be an almost impossible situation for the children to continue living with Mrs. O. He further testified that it will be a foreboding future for the children if there is no change. We overrule appellant's point of error # 29 to the extent of its "no evidence" complaint.

We have not attempted to summarize all of the testimony; however, the following is a fair summary of the evidence on appellant's "insufficient evidence" complaint in point of error # 29.

Mrs. O was described by several witnesses as a strong-willed woman. (We cannot say that being strong-willed is a liability. We note that even many judges are strong-willed.) There is evidence in the record that after her divorce from Mr. P, she engaged in sexual relations with at least one man and has had an abortion. However, she has married a dentist since that time, and the marriage appears to be happy and without problems. She keeps a clean, neat home. Both Dr. and Mrs. O testified that they love the children. Dr. O participates in various activities with both of the children. Several witnesses testified that the children were always well-fed, well-clothed, neat in appearance, disciplined and happy. Mrs. O participates in the children's school activities; she also sees that the children receive religious training.

By court order, a psychiatrist examined Dr. and Mrs. O and Mr. and Mrs. P. He concluded that both Dr. and Mrs. O are genuinely concerned about the best interest of the children. Further, he testified that it could be extremely disruptive to the children if they were removed from that family.

Other witnesses testified that Dr. and Mrs. O and the children constituted a happy family. The son's teacher testified that the son seemed to be happy and had no disciplinary problems. The teacher further testified that Mrs. O bakes homemade bread and special desserts for the son's lunches.

There is testimony that the son has had bruises on his back and legs. We note that it is common for young children to acquire some bruises in their activities while they are in the process of growing up. This is particularly true of a young boy who is very interested in various sports, as is true in this case.

Having read the entire statement of facts, we hold that the trial court's holding that the retention of the son's managing conservator would be injurious to his welfare is so against the great weight and preponderance of the evidence as to be manifestly unjust. Accordingly, we sustain appellant's point of error # 29 to the ex-

tent of its "insufficient evidence" complaint. The statutory requirements of Tex. Family Code Ann. § 14.08(c)(1) (1975) have not been met.

Appellant asserts by her points of error # 39 through # 43 that the trial court erred in splitting the custody of the children between the parents because there is no compelling reason therefor, it is contrary to public policy, is not in the best interest of the children, and it is an abuse of discretion. We sustain these points of error.

■ The law in Texas is clear that the custody of two or more children of a marriage should not be divided, except for clear and compelling reasons. *Griffith v. Griffith*, 462 S.W.2d 328 (Tex.Civ.App.–Tyler 1970, no writ); *Autry v. Autry*, 350 S.W.2d 233 (Tex.Civ.App.–El Paso 1961, writ dism'd); *Beasley v. Beasley*, 304 S.W.2d 158 (Tex.Civ.App.–Dallas 1957, writ ref'd n. r. e.). See also 20 Tex.Jur.2d *Divorce and Separation* § 330 at 658 (1960); Annot., 98 A.L.R.2d 926 (1964). In the absence of such clear and compelling reasons, children should be raised with their brother(s) and/or sister(s). We find no such compelling reason in this case.

Since our holding as stated above requires a reversal, it is unnecessary to pass upon points of error # 30 through # 38 and # 44 and # 45 inclusive.

We affirm the judgment of the trial court to the extent that the daughter was left in the custody of the mother (which was not appealed.) We reverse the trial court's judgment ordering the transfer of the son's custody from Mrs. O to Mr. P and we remand this portion of the case to the trial court for proceedings not inconsistent with this opinion.

MASSEY, Justice, concurring.

I concur with the majority solely because of the expressions therein condemning "split custody" in the absence of any evidence on the prior trial of clear and compelling reasons therefor.

I was author of this court's opinion in *Wood v. Wood*, 510 S.W.2d 399 (Tex.Civ.

App.–Fort Worth 1974, no writ) in which I went into detail on the matter of sufficiency of evidence to support a change of custody decree because of continuous interference with visitation rights of a parent out of custody. Despite amendment of the Texas Family Code, I adhere thereto.

### ON MOTION FOR REHEARING

SPURLOCK, Justice.

Appellee, Mr. P, has filed a motion for rehearing. Appellant, Mrs. O, has filed a motion to dismiss appellee's motion for rehearing.

After the case was submitted to this court, Mr. P quit his job the day before Mrs. O's court-ordered visitation day, vacated his apartment, filed a change of address card with the United States Post Office designating his mother as the custodian of his mail, and removed himself and the child from the jurisdiction of the court to a place unknown by appellant. All of this occurred prior to the time that this court handed down its opinion in this case, although these facts were not known by the court at that time. By our judgment, Mr. P was ordered to return the child to its mother. This judgment has not been complied with, and an extensive search is currently underway to determine the whereabouts of the child.

By his motion for rehearing, Mr. P seeks affirmative relief from this court, while he disobeys the court's order in this very case. It would be a sad state of affairs, if persons could choose without penalty those court orders they wished to obey and those to disregard.

In *Strange v. Strange*, 464 S.W.2d 216 (Tex.Civ.App.–Fort Worth 1970), certified question in 464 S.W.2d 364 (Tex.1971), we were confronted with a motion to dismiss the appeal because of appellant's failure to obey the trial court's order, and we dismissed the appeal.

See Annot., "Dismissal of appeal for appellant's failure to obey court order", 49 A.L.R.2d 1425 (1956) for other cases where an appeal has been dismissed. The same policy reasons exist for the dismissal of a motion for rehearing as exist for the dismissal of an appeal. In both instances, the petitioner is seeking the relief of the appellate court, but presents himself to the appellate court with "unclean hands". Furthermore, it is our judgment in this very case that is being disobeyed.

We have decided to be lenient; accordingly, we have decided to give Mr. P an opportunity to restore himself to the law-abiding community by abandoning his attempt to live outside the law. Therefore, we order that Mr. P's motion for rehearing be dismissed, effective at 9:00 a. m. on December 22, 1977 (which is seven days from today), unless Mr. P complies with the order of this court that the son be returned to his motion, Mrs. O, in Tarrant County, Texas, in the presence of the sheriff of Tarrant County or one of his deputies, who, in the event of compliance shall give written notice to the clerk of this court certifying this fact.

The clerk is directed to dismiss Mr. P's motion for rehearing at 9:00 a. m. on December 22, 1977, subject to the condition stated above. In the event of satisfactory compliance with such condition, dismissal will be denied and this court will proceed to consider Mr. P's motion for rehearing.

### SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

In our opinion upon Mr. P's motion for rehearing on December 15, 1977, the clerk was directed to dismiss his motion for rehearing at 9:00 a. m. on December 22, 1977, unless Mr. P complied with the order of this court that the son be returned to his mother, Mrs. O, in Tarrant County, Texas, in the presence of the sheriff of Tarrant County or one of his deputies, who, in the event of compliance, shall give written notice to the clerk of this court certifying this fact. Since no such certification has been received by the clerk within the time specified, Mr. P's motion for rehearing is hereby ordered dismissed.