571 S.W.2d 224 (1978)
D. W. D. et ux., Appellants,
v.
R. D. P., Appellee.
No. 18001.
Court of Civil Appeals of Texas, Fort Worth.
September 14, 1978.
Rehearing Denied October 12, 1978.
*225 Dixon & Petrovich and Ted Mayo III, Fort Worth, for appellants.
Simon & Simon and W. Weir Wilson, Fort Worth, for appellee.

OPINION
MASSEY, Chief Justice.
Suit below was for the award to R.D.P. by change of custody of the minor child of R.D.P. from her maternal grandparents, D.W.D. and his wife.
Upon verdict of the jury the trial court, on July 26, 1977, rendered judgment which appointed R.D.P. "managing conservator" of his minor child. By necessary implication D.W.D. and his wife were removed and relieved of their privileges and duties as "managing conservators" earlier granted and imposed in a judgment of July 22, 1975. Such earlier judgment was one which decreed the divorce of R.D.P. from his former wife, invested D.W.D. and his wife with office as "managing conservators", and invested R.D.P. and his former wife (mother of the minor child), from whom he was divorced, as "possessory conservators".
From the July 26, 1977 judgment D.W.D. and his wife appealed. There was no appeal by the child's mother, her status as "possessory conservator" not having been altered by the judgment.
We reverse and render.
Our action is compelled by the want of any evidence upon trial below that there had been, since July 22, 1975, any material or substantial change in the circumstances of the child in question or in the circumstances of the "managing conservators" which would make it injurious to the welfare of the child for their rights of custody to be continued.
In this case the question of "material and substantial" change of circumstances (of the child or her custodians from what those circumstances had been at time D.W.D. and his wife were granted custody by the divorce judgment) of sufficient degree that preservation of what might be called the status quo would be injurious to the welfare of the interested minor child must be raised as an issue to be tried and resolved by the jury before there would be any occasion to consider the evidence concerning whether the appointment of a new and different custodian would be a positive improvement for the child.
On September 1, 1975 this became the condition of our Texas law relative to change of custody suits (following any prior court decree creating rights relative thereto in individuals who were invested with official status as conservators of the person of a minor child). Tex. Family Code Ann. § 14.08 "Modification of Order". The amendment so making the law became effective September 1, 1975. Without discussion we take occasion to state that under the "old law", i. e., the law as existent prior to September 1, 1975, evidence of a material change in the circumstances of a parent of a minor child who had not the right to its custody usually made out a prima facie case.
As observed in our prior opinion in O. v. P., 560 S.W.2d 122 (Tex.Civ.App., Fort Worth 1977, no writ), at page 126:
"The September 1, 1975 amendment added two very important requirements that must be met before a change of child custody can be ordered; i. e., that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child. The person seeking the change of custody has the burden of proof under Tex. Family Code Ann. § 14.08(c) (1975). We note that the additional requirements have made a petitioner's burden much more difficult."
In the present case the evidence was rather fully developed. Thereby was shown that the only change in conditions which *226 could possibly be material was addition of one and one-half years to the ages of the child's custodial grandparents, D.W.D. and his wife. They were on July 12, 1977, the time of the trial, aged 60 and 54, respectively. The minor child was at time of the trial a little over five years of age. There was no evidence that there had been any change in the physical or mental condition of D.W.D. or his wife between the time they were made custodians of the child in July 1975 and the time of the trial. During the period there was no change in their treatment of the child; indeed the evidence of the child's father was that her grandparents were "spoiling" the child and failing to discipline her in July of 1975 and to time of trial. During this same period there was no evidence of anything other than normal growth and development of the minor child. There was evidence of occasions for medical attention, but nothing different from those usual and to be expected as applied to any child of the same age. There was nothing done or lacking to be done relative to the attention and care given by her custodians on these occasions.
The foregoing did not suffice as evidence having sufficient probative force and effect to raise the issue of whether preservation of the so-called status quo would be injurious to the welfare of the minor child.
While there was evidence tending to raise the material question as of a time earlier than that on which suit for the change of custody was brought by R.D.P. it was agreed and conceded that the difficulties which did so had been amicably resolved long prior thereto. No issue existed by time suit was instituted. The resolved difficulty had been in the failure by D.W.D. and his wife to accommodate and cooperate with R.D.P. in the latter's exercise of his rights of visitation under the judgment of July 22, 1975. (The author's personal views relative to sufficiency of such evidence to raise issues which if favorably found for a plaintiff in a change of custody suit would support a decree in change of custody are set forth in a case antedating the 1975 amendment of § 14.08 of the Texas Family Code. Wood v. Wood, 510 S.W.2d 399 (Tex. Civ.App., Fort Worth 1974, no writ).
The circumstances point up deficiencies in the law with which our legislature and the courts continue to wrestle. Here a young soldier with little if any rank and with minimal income obtained a divorce from his wife. By agreement of all interested parties the maternal grandparents became the legal custodians of the parties' minor child. Their right to custody was decreed as part of the divorce judgment. Later the young soldier, having risen in rank so that he could afford to care for his child, having made an excellent marriage, and having established the kind of home in which a young child should be reared, sought to have his child with him as part of his family. The grandparents, having experienced development of emotional ties to the child more in the nature of the parental than grandparental, resisted any change. In this setting the suit for change of custody was brought and tried.
The wisdom of a Solomon would be necessary to correctly resolve the case even before the amendment of law effective September 1, 1975. Necessity for that wisdom has in Texas been removed from the courts and its judges by the amendment. There is no longer the necessity or even the right for a trial court to consider the welfare and best interests of the child unless the parent seeking custody can first show that the continuance of the status quo would be injurious to the child. That is now the "threshold inquiry" to be resolved in trial of a change of custody case.
Here we hold that by the evidence in the trial court it was not even raised as an issue. That being the legal situation it was, under the law, improper for any consideration in the trial court of the issue upon whether a change of custody would best serve the interests of the child.
Under the circumstances, proper point of error having been raised, it is the duty of this court to reverse the judgment by which the child's parent was made the custodian, i. e., invested as "managing conservator".
*227 All points of error have been examined. Save for those essentially raising the point of error upon which the case must be reversed, they are overruled as either not having been preserved for purposes of the appeal or as without merit.
Judgment of the trial court is reversed, and judgment rendered in restoration of the status of the parties with attendant rights and responsibilities to those provided by the trial court's judgment dated July 22, 1975, including the immediate right to entitlements of a managing conservator as provided by law.